IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ELIJAH WONJAH,**

        Petitioner,

vs.                                      Civ. No. 9-012 JB/ACT

**HASSEL TERRY,**[1]

        Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

      **THIS MATTER** is before the Court pursuant to 28 U.S.C. § 2241.  Petitioner filed a "Petition for a Writ of Habeas Corpus Pursuant under 28 U.S.C § 2241" ("Petition") on January 8, 2009.  Docket No. 1.  On January 27, 2009, Respondent filed a response.  Docket No. 10.  On January 28, 2009, Petitioner filed a reply.  Docket No. 11.  On January 12, 2009, the District Judge referred this matter for proposed findings and recommended disposition, and hearing if necessary.  Docket No. 6.  Having reviewed the pleadings and relevant law, and being otherwise fully advised, the Court will recommend that Petitioner's Writ be conditionally granted.

**PROPOSED FINDINGS**

Factual and procedural background.

      1.  Petitioner is a native of Liberia.  He came to the United States in 1981 as a refugee from Liberia.  In 2004, Petitioner adjusted his status to that of a Lawful Permanent Resident.  On June 4,

---

[1] On January 15, 2009, Petitioner was transferred to the Otero County Processing Facility.  Hassel Terry is the warden and officer in charge of the Otero County Processing Facility.  The Court grants Petitioner's Unopposed Motion to Substitute Party filed January 21, 2009 [Docket No. 9] and substitutes Hassel Terry as the Respondent in this matter.

1

2008, an immigration judge ordered Petitioner removed to Liberia. On July 1, 2008, the removal order became final for purposes of this Petition.

    2.    The government has submitted a request for travel documents for Petition to the Embassy of Liberia on July 10, 2008.

    3.    On January 15, 2009, the United States Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security issued a "Decision to Continue Detention" finding that Petitioner's "removal to Liberia is expected to occur in the reasonably foreseeable future; therefore you are to remain in ICE custody at this time." Response [Docket No. 10] at Exh. 1.

    4.    Dana Day ("Day"), Detention and Deportation Office in the Travel Document Unit with the Headquarters' Office of Detention and Removal Operations, ICE, submitted an affidavit stating she had been in touch with Christopher Nippy ("Nippy"), First Secretary of Consular and Political Affairs of the Liberian Embassy concerning Petitioner's case. *Id.* at Exh. 2. She states that Nippy is reviewing some cases including Petitioner's and once his review is complete "he will schedule personal interviews, slated for February." *Id.* She further states that she expects the "embassy of Liberia to make a decision in this case within the next several weeks." *Id.*

    5.    Petitioner has cooperated with efforts by ICE to remove him from the United States.

    6.    Petitioner does not pose a danger to the community.[2]

<u>Legal Analysis.</u>

    7.    Petitioner is in custody pursuant to INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). The Supreme Court has construed 8 U.S.C. § 1231(a)(6) to prohibit indefinite detention of aliens awaiting deportation. The Court has held that an alien's detention pending removal should not exceed "a

---

[2] In his response, Respondent did not dispute Petitioner's assertion that he was not a danger to the community.

period reasonably necessary to secure removal" and that detention must end if "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). Detention lasting six months or less is presumptively reasonable; detention lasting beyond six months requires the government to rebut the [Petitioner's] showing that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. at 701.

    8.    The issue before the Court is the continued detention of Petitioner. Petitioner seeks immediate release from the custody of ICE for its failure to deport him within six months of July 1, 2008. Petitioner argues that the delay in deportation is presumptively unreasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and that he will not be removed to Liberia in the reasonably foreseeable future. Respondent asserts that the government is continuing its removal efforts. "Because Liberia has not denied Mr. Wonjah's Liberian citizenship and because Liberia regularly issues travel documents for its citizens....it is significantly likely that a travel document will be issued and Mr. Wonjah removed in the reasonably foreseeable future." Response at 3-4.

    9.    Based upon the affidavit of Day, the deportation efforts with Liberia are proceeding. However, Petitioner has spent almost seven months detained since his order of removal became final. As of January 9, 2009, Day had a conversation with Nippy which confirmed only that Liberia was still reviewing Petitioner's application for travel documents. *Id.* at Exh. 2. Even after a review of the documents, Liberia appears to require an interview before making a decision as to whether or not to issue travel documents. There is nothing in the record that after an interview travel documents will be issued in the reasonably foreseeable future.[3] Day's statement that a determination regarding the

---

[3] There is support that after an interview travel documents may not be issued in the reasonably foreseeable future. *Bordolo v. Ezell*, 08cv1099 BB/KBM (D.N.M.)(Bordolo's interview at the Liberian Embassy was on July 13, 2008. As of the date of Proposed Findings and Recommended Disposition, December 19, 2008, no travel documents had been issued.).

issuance of travel documents will occur within the next several weeks is speculation. It is not evidence that travel documents will be issued anytime in the reasonably foreseeable future. The Respondent has failed to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future.

## **RECOMMENDED DISPOSITION**

I recommend that Petitioner's Petition be conditionally granted and that either Petitioner be removed by March 2, 2009, or a hearing be held to determine if conditions of release are appropriate.

Timely objections to the foregoing may be made pursuant to 28 U.S.C.§ 636(b)(1)(C). Within ten days after a party is served with a copy of these Proposed Findings and Recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such Proposed Findings and Recommendations with the Clerk of the United States District Court of New Mexico. A party must file any objections within the 10 (ten) day period allowed if that party wants to have appellate review of the proposed findings and Recommendations. If no objections are filed, no appellate review will be allowed.

_____
 **ALAN C. TORGERSON**
 **UNITED STATES MAGISTRATE JUDGE**